


Case 1:14-cv-01624-JLT   Document 4   Filed 11/05/14   Page 1 of 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNYMAC HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>GARY CRAWFORD, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-01624 - --- - JLT<br><br>ORDER REMANDING THE MATTER TO KERN COUNTY SUPERIOR COURT FOR LACK OF JURISDICTION |

    Defendants Gary Crawford and Lolita Crawford seek removal of an unlawful detainer action filed in Kern County Superior Court. (Doc. 1). Because an action for unlawful detainer arises under California law, the Court lacks subject matter jurisdiction over the complaint. Accordingly, the action is **REMANDED** to Kern County Superior Court.

**I.     Removal Jurisdiction**

    Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States." *Id.* at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. *Id.* at § 1446(b). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). If there is any doubt as to the right of removal, "federal jurisdiction must be rejected." *Duncan*, 76 F.3d at 1485.

The district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003) (noting a distinction between procedural and jurisdictional defects and holding that a "district court *must* remand if it lacks jurisdiction"). Thus, the Sixth Circuit explained that a court "can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995).

**II.    Discussion and Analysis**

The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Significantly, the only cause of action identified by Plaintiff is for unlawful detainer. (*See* Doc. 1 at 11, 13). An unlawful detainer action does not arise under federal law, but arises instead

under state law.  *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"); *Deutsche Bank Nat'l Trust Co v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law").  Thus, Plaintiff has not raised a claim that invokes federal subject matter jurisdiction.

### III. Conclusion and Order

Because there is no federal question appearing in Plaintiff's complaint, the Court cannot exercise jurisdiction over this action and the matter must be remanded to the state court.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); *see also Kelton Arms Condo. Homeowners Ass'n*, 346 F.3d at 1192-93 ("district court *must* remand if it lacks jurisdiction").

Accordingly, **IT IS HEREBY ORDERED**:

1. The matter is **REMANDED** to the Superior Court of Kern County; and
2. The Clerk of Court **is DIRECTED** to close this matter, because this Order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **November 5, 2014**          /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE